■ GEORGE H. TEFFT, Appellant, v APEX PAWNBROKING & JEWELRY CO., INC., et al., Respondents.—In an action to recover for damages to property based upon a breach of a lease, plaintiff appeals from (1) an order of the Supreme Court, Rockland County, dated July 27, 1979, which set aside a jury verdict in favor of the plaintiff and against defendant Bartolomucci and directed entry of a judgment in favor of said defendant, and (2) an order and judgment (one paper) of the same court, dated September 11, 1979, which (a) granted the motion of defendant Bartolomucci to dismiss the plaintiff's action and to enter judgment for the said defendant notwithstanding the verdict, (b) denied the plaintiff's motion to enter judgment in his favor as against the defendants Apex Pawnbroking & Jewelry Co., Inc. (Apex) and Joseph Di Biasi, and (c) entered judgment in favor of all defendants as against the plaintiff. Appeal from the order dismissed. (See *Matter of Aho,* 39 NY2d 241, 248.) Order and judgment modified by deleting the second and third decretal paragraphs thereof and substituting therefor provisions (1) entering judgment in favor of the plaintiff as against the defendant Apex in

the amount of $10,801.52, (2) dismissing the complaint as against defendants Bartolomucci and Di Biasi and (3) ordering a new trial on the defendants' cross claims. As so modified, order and judgment affirmed, with one bill of costs to plaintiff payable by defendant Apex, and action remitted to Trial Term for further proceedings consistent herewith. Plaintiff, the owner of a building, leased the premises to defendant Apex which then subleased a portion of the building to defendant Bartolomucci subject to all the terms and conditions of the original lease. Bartolomucci thereafter assigned the sublease to defendant Di Biasi. The lease contained a standard provision requiring the tenant to "comply with and execute all rules, orders and regulations of the New York Board of Fire Underwriters * * * at the Tenant's own cost and expense." The sublease contained the same provision. When inspectors from the board of fire underwriters examined the subleased portion of the premises, they found several violations of the board's rules and regulations. Although an electrical permit was thereafter filed to correct those violations, the premises were destroyed by fire before repairs were begun. When the fire occurred, the premises were occupied by Di Biasi, the assignee of the sublease. Plaintiff subsequently instituted this action for property damage based upon a breach of the lease. He named as defendants the tenant, the subtenant and the assignee of the sublease. The defendants each cross-claimed against the others. At the trial of the action, the court instructed the jury to determine whether the fire was caused by a failure to correct the defective electrical system, and if so, to return a verdict in the plaintiff's favor "against the defendant whom you find was responsible." The court denied plaintiff's request to instruct the jury that it could find against any or all of the three defendants. The jury thereupon returned a verdict in favor of plaintiff only as against the defendant Bartolomucci, the subtenant. Subsequently, the court set aside the jury's verdict as contrary to law on the ground that plaintiff's lease was solely with Apex. The court dismissed the complaint as against Bartolomucci but denied plaintiff's motion to render judgment against the defendants Apex and Di Biasi in the amount found by the jury. Because there is no privity of contract between them, a subtenant incurs no liability directly to a paramount lessor for performance of covenants contained in the original lease. (Stewart v Long Is. R. R. Co., 102 NY 601; 34 NY Jur, Landlord and Tenant, § 260.) Accordingly, the trial court properly concluded that the plaintiff could not maintain an action as against the subtenant, Bartolomucci, or Di Biasi, his assignee, based upon a breach of the lease. However, an original lessee remains liable to his lessor for the performance of covenants in the lease notwithstanding a subletting of the premises. (34 NY Jur, Landlord and Tenant, § 258.) Accordingly, plaintiff's action would properly lie as against Apex. A new trial is required, however, on the cross claims to determine the relative liability of the three defendants. On this record, it cannot be said with any degree of certainty that the jury's verdict against Bartolomucci represented a finding that he alone was at fault. The court's instruction that the jury return a verdict against "the defendant" found to be responsible for the breach and the court's refusal to charge that the jury could find liability against any or all of the three defendants may well have resulted in a verdict against the one defendant found to be primarily, but not exclusively, responsible for the damages. A specific finding on the issue of relative culpability is therefore necessary in order that liability between the defendants may be equitably apportioned. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.