■ MELANIE LA VACK, Respondent, v NATIONAL SHOES, INC., et al., Respondents, and IRENE HENDRA et al., Appellants.— Harvey, J.

In August 1980, plaintiff allegedly fell and was injured while working at the shoe department of defendant Ames Department Store (Ames). Ames' shoe department is operated by defendant J. Baker, Inc. (Baker), a wholly owned subsidiary of defendant National Shoes, Inc. (National). Ames is located on property owned by defendants Irene Hendra, Arthur Rotundo, Thomas Rotundo and Henry Rotundo.*

After plaintiff commenced her negligence action, defendants asserted cross claims against each other. Ames was subsequently granted summary judgment holding Baker liable to indemnify it. Additionally, Baker was granted summary judgment dismissing plaintiff's claim against it since it had previously been held responsible in plaintiff's worker's compensation claim. The Rotundos also moved for summary judgment seeking to require Baker, National and Ames to indemnify them. The Rotundos' motion was denied without opinion and this appeal ensued.

First, we consider whether Ames is required to indemnify the Rotundos. In May 1968, when the Rotundos leased the property on which Ames is currently located to W. T. Grant Company, the lease included a covenant whereby the tenant promised to indemnify and hold harmless the Rotundos. When Ames later entered into its agreement with the subsequent assignees of the 1968 lease, it assumed the role of indemnitor, covenanting to indemnify the assignees and the Rotundos for: "claims, liability, costs, judgments * * * caused or occasioned by the use or occupancy of the premises * * * arising from negligence or otherwise."

The indemnification clause is not violative of General Obligations Law § 5-321. General Obligations Law § 5-321 provides

---

* Irene Hendra is a sister of the Rotundo brothers. All will be referred to as the Rotundos.

that an agreement to exempt a lessor from liability for his own negligence is void as against public policy. However, where, as here, sophisticated parties have negotiated at arm's length to enter into a lease containing an indemnification clause, such clause is valid inasmuch as the parties have allocated the risk of liability to third parties between themselves *(see, Hogeland v Sibley, Lindsay & Curr Co.,* 42 NY2d 153).

Ames' contention that the Rotundos' indemnity cause of action is premature is without merit. It is not necessary for the Rotundos to wait until plaintiff proves her case before asserting their claim to indemnity (CPLR 3019 [b]; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3019:14, pp 226-227). Hence, we conclude that the Rotundos are entitled to indemnification from Ames.

We turn next to the issue of whether Baker and National are also obligated to indemnify the Rotundos. The Rotundos contend that Baker is a sublessee of Ames and thus bound by the indemnity clause of the original lease. Baker and National contend that Baker's status is that of a mere licensee. However, even assuming, arguendo, that Baker is a sublessee of Ames, we find no merit to the Rotundos' contention that Baker is thus obligated to indemnify it. A sublessee is not in privity of contract with the paramount landlord and thus is not liable to the paramount landlord for the terms of the original lease *(Tefft v Apex Pawnbroking & Jewelry Co.,* 75 AD2d 891, 892). Here, the Ames-Baker agreement does not incorporate any part of the lease between the Rotundos and their assignees, nor does it obligate Baker to assume Ames' duties to the Rotundos. Hence, we conclude that Baker, and its parent company National, are not obligated to indemnify the Rotundos.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion by defendants Irene Hendra, Arthur Rotundo, Thomas Rotundo and Henry Rotundo for summary judgment on their cross claim against defendant Ames Department Store; motion granted to that extent; and, as so modified, affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.