■ MILLICOM INCORPORATED, Respondent, v BREED, ABBOTT & MORGAN, Appellant.—Order of the Supreme Court, New York County (Carol Huff, J.), entered October 2, 1989, which denied defendant's motion for summary judgment (CPLR 3212), unanimously reversed, on the law, the motion granted, and the complaint dismissed, without costs.

The facts are not in dispute. Defendant Breed, Abbott & Morgan (BAM) desired to exercise an option to lease additional space in the Citicorp Center office tower from its landlord, Dai-Ichi Seimei America Corporation (Dai-Ichi). BAM entered into an agreement with Millicom Inc. dated June 21, 1988 pursuant to which BAM would sublease certain space, to become available under the option, to Millicom for a term of 10 years which Millicom already occupied under a separate agreement with Dai-Ichi. Upon execution of the Millicom sublease agreement, Millicom deposited $100,000 with BAM to secure performance of its terms. BAM inserted a provision in the sublease that it is expressly conditioned upon

obtaining Dai-Ichi's "unqualified written consent" to the sublease as required by its prime lease and, if such consent cannot be obtained on or before June 29, 1988, the sublease is "deemed null and void". The agreement contains a merger clause and provides that it may not be modified except in a writing signed by the party against whom enforcement is sought.

Dai-Ichi's consent was not obtained by the specified date. However, BAM obtained an extension of time in which to exercise its option for the additional space and continued to negotiate with Dai-Ichi for six months thereafter. The discussions included proposed changes in BAM's prime lease with Dai-Ichi in consideration for its consent to BAM's sublease to plaintiff. When negotiations were finally terminated in January 1989, BAM returned plaintiff's security deposit. Nevertheless, BAM notified Dai-Ichi that it wished to exercise its option to lease the subject space and, according to BAM's brief, prepared to use the area for its own purposes. Millicom, however, refused to vacate and commenced the within action seeking specific performance of the sublease.

Supreme Court denied BAM's motion for summary judgment, finding that issues of fact exist which might operate as a waiver or estoppel, rendering unenforceable the provision which requires Dai-Ichi's unqualified consent to the sublease on or before June 29, 1988. What this analysis fails to consider, however, is that a sublease can confer no greater rights on a sublessee than those afforded to the tenant by his prime lease (*Mann Theatres Corp. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 471, *affd* 62 NY2d 930). While BAM may waive a provision of its sublease agreement with Millicom, it is without the power to waive a condition of its lease with Dai-Ichi. Therefore, even if Millicom were to prevail in its action against BAM, the sublease could not be enforced absent the consent of the landlord. While the record contains a letter from Kazuhiro Ohira, Dai-Ichi's vice-president and corporate secretary, stating that it "has not denied or withheld consent to the Sublease", it is apparent that its proposed "Consent to Sublease" was conditioned upon a modification of the prime lease and concessions by BAM. This is hardly the "unqualified consent" contemplated in the sublease agreement.

There is no theory of estoppel suggested by Millicom which makes a party who gratuitously undertakes negotiations which may inure to the benefit of a third party a guarantor of the success of those negotiations. Nor is any theory advanced whereby BAM might be required to incur any additional

obligation in order to secure the outcome desired by Millicom. In this regard, BAM's reluctance to give up rights under its lease with Dai-Ichi hardly constitutes bad faith as Millicom suggests.

The sublease agreement is null and void according to its express terms. A lease of the duration proposed is clearly required to be in writing (General Obligations Law § 5-703 [2]). There is no allegation of part performance under the sublease by either party (General Obligations Law § 5-703 [4]). Indeed, any attempt at performance by BAM would probably constitute a substantial violation of the prime lease. Therefore, there is no basis upon which enforcement of the sublease agreement or an award for incidental or consequential damages can be predicated. Accordingly, defendant must be granted summary judgment and the complaint dismissed. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.