■ HELENE NEIDICH, Appellant, v RICHARD GOTTLIEB et al., Respondents.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 21, 1990, which, *inter alia,* denied plaintiff's cross motion for summary judgment declaring her status and rights as tenant in occupancy, unanimously affirmed to the extent appealed from, with costs.

Plaintiff, a subtenant who had been charged in excess of the lawful rent by the prime tenant, commenced this action seeking compensatory and punitive damages, as well as declaratory relief declaring herself the prime tenant of the subject apartment. The current landlord, who has filed an offering plan to convert the premises to cooperative ownership, purchased the subject premises after commencement of this action and has intervened on consent. During discovery, the defendant landlord learned of the illegal rent rate under the sublease and terminated the prime tenant's lease for violations of the Rent Stabilization Code.

Defendant landlord moved to amend its answer and plaintiff cross-moved for summary judgment. The court granted the motion and denied the cross motion, finding the existence of numerous issues of fact.

Plaintiff contends that she is entitled to the rights of a tenant in occupancy of the subject apartment. However, as plaintiff took possession pursuant to a sublease agreement, she is a subtenant with no rights to purchase the shares allocable to the subject apartment upon conversion *(compare,* Rent Stabilization Code [9 NYCRR] § 2520.6 [d], [k]). Nor does plaintiff retain the status of a nonpurchasing tenant since she never acquired the status of a tenant *(see,* General Business Law § 352-eeee [1] [e]; *Matter of Belmont E. Co. v Abrams,* 123 Misc 2d 404). Further, questions of fact exist as to the Gott-

liebs' intention to return to the leased premises as their primary residence, particularly as the sublease provided a reversionary interest, allowing the Gottliebs to terminate the sublease on notice in the event of a cooperative conversion. Questions of fact also exist as to the alleged willfulness of the rent overcharges as plaintiff has not presented evidence of wanton and reckless disregard of her rights or morally culpable conduct *(see, Bunker v Bunker,* 73 AD2d 530).

Nor is plaintiff entitled to attorneys' fees against defendant landlord pursuant to Real Property Law § 234, as there is no privity of contract between a landlord and a subtenant *(see, Tefft v Apex Pawnbroking & Jewelry Co.,* 75 AD2d 891). Concur—Murphy, P. J., Carro, Wallach, Kupferman and Asch, JJ.