■ CHOCK FULL O'NUTS CORPORATION, Plaintiff, and STAHL MIDTOWN PROPERTIES, LLC, Intervenor-Appellant, v NRP LLC I, Respondent, et al., Defendant. [784 NYS2d 43]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered May 30, 2003, which, inter alia, granted defendant landlord NRP's motion for summary judgment upon its counterclaim for possession of commercial premises leased from it by plaintiff tenant Chock Full O'Nuts Corporation and directed a hearing respecting damages, if any, sustained by NRP by reason of the holdover of Chock Full O'Nuts and its assignee intervenor-plaintiff Stahl from March 13, 2001 to May 30, 2003, unanimously affirmed, with costs.

Chock Full O'Nuts was advised by NRP on January 12, 2000 that its second option to renew its lease to the subject premises would expire, pursuant to the lease terms, on May 12, 2000. However, Chock Full O'Nuts did not notify NRP of its intention to exercise the renewal option prior to the renewal date and, indeed, it was only subsequent to the lease's expiration that it attempted to revive the option on equitable grounds. Its resort to equity after the lease had expired was necessarily unavailing (*see First Natl. Stores, Inc. v Yellowstone Shopping Ctr., Inc.*, 21 NY2d 630, 637 [1968]; *Austrian Lance & Stewart, P.C. v Rockefeller Ctr., Inc.*, 163 AD2d 125, 127 [1990]). In any case, no triable issue was raised as to whether there were equitable grounds to relieve Chock Full O'Nuts and Stahl of the consequences of Chock Full O'Nuts' failure to exercise its renewal option. Neither made any showing of forfeiture (*see J.N.A. Realty Corp. v Cross Bay Chelsea, Inc.*, 42 NY2d 392, 398-400 [1977]; *Nanuet Natl. Bank v Saramo Holding Co.*, 153 AD2d 927, 928 [1989], *lv denied* 75 NY2d 705 [1990]). Indeed, three months after the lease expired, Chock Full O'Nuts assigned its purported interest in the lease to Stahl, which agreed to indemnify it against any liabilities, costs, expenses and judgments arising from this action, and Stahl thus took the assignment with full knowledge that there was a significant question as to whether the lease had expired.

Chock Full O'Nuts and Stahl were subject to liability for holdover damages, based upon their failure to discharge their lease obligation to remove their subtenant at the expiration of the base lease (*see Stahl Assoc. Co. v Mapes*, 111 AD2d 626, 629 [1985]). On the other hand, contrary to Stahl's argument, there is no basis for holdover liability against the subtenant since the subtenant was not in contractual privity with the landlord, not having been a party to the expired lease (*see Tefft v Apex Pawnbroking & Jewelry Co.*, 75 AD2d 891 [1980]). Concur— Nardelli, J.P., Mazzarelli, Ellerin and Marlow, JJ.