■ THE TRIESTE GROUP, LLC, Respondent-Appellant, v ARK FIFTH AVENUE CORP., Appellant-Respondent. [787 NYS2d 258]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered June 3, 2004, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its declaratory judgment and money damage causes of action, but dismissed defendant's fifth, ninth, tenth and eleventh affirmative defenses and its third, fourth and fifth counterclaims, unanimously modified, on the law, summary judgment granted to plaintiff on its claim for a declaration regarding defendant's failure to exercise its renewal option, the above-enumerated affirmative defenses and counterclaims reinstated, the sixth, seventh, eighth and twelfth affirmative defenses and the first, second and sixth counterclaims dismissed, and otherwise affirmed, without costs.

Two clauses of the sublease are at issue. With regard to the right to renew, we agree that time was of the essence, and that defendant failed to exercise its renewal option in a timely fashion. However, the approximately $67,000 worth of improvements made by defendant after the initial build-out were insufficient to constitute the kind of forfeiture that would justify granting defendant equitable relief from its default (*see Chock Full O'Nuts Corp. v NRP LLC I*, 11 AD3d 385 [2004]; *compare J.N.A. Realty Corp. v Cross Bay Chelsea*, 42 NY2d 392 [1977]). Rather, these improvements were mainly made three to five years before the initial lease term expired. As such, defendant presumably recouped and/or depreciated their value during the term of the lease (*see Soho Dev. Corp. v Dean & DeLuca*, 131 AD2d 385 [1987]).

The "right of first refusal" clause in the sublease is ambigu-

ous. Issues of fact preclude summary dismissal of the counterclaims with regard to whether the transfer at issue falls within that clause. Concur—Buckley, P.J., Ellerin, Lerner, Marlow and Catterson, JJ.