■ ANDEJO CORP., Doing Business as SEAPORT WATCH COMPANY, et al., Appellants, v SOUTH STREET SEAPORT LIMITED PARTNERSHIP, Respondent, et al., Defendants. [825 NYS2d 50]—

Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered June 28, 2006, which, in an action by commercial tenants against their landlord for, inter alia, breach of contract and breach of fiduciary duty, inter alia, with respect to the tenants with existing leases, fixed "interim" use and occupancy, without a hearing, in the amount of the base rents contained in such tenants' respective leases, and, with respect to the two holdover tenants whose leases had expired, directed a hearing on "final" use and occupancy for the period they remained in possession without a lease, unanimously affirmed, without costs.

The award of interim use and occupancy, without a hearing, in the amount of the base rents contained in existing leases was a proper exercise of discretion (see *Kuo Po Trading Co. v Tsung Tsin Assn.*, 273 AD2d 111 [2000]). The award excluded certain measurable components of the full monthly rent that they are disputing, such as charges for utilities and common area expenses, and gave little or no weight to the fact that many of them had not paid any rent for a year and longer. To the extent the base rents do not represent fair valuations of current market rates, tenants' remedy is a speedy trial (see *East 4th St. Garage v Estate of Berkowitz*, 265 AD2d 249 [1999]). The holdover tenants who remained in possession after their leases had expired were properly differentiated, and granted a hearing, since, in this instance, the determination of use and occupancy would necessarily be final, not interim (cf. *64 B Venture v American Realty Co.*, 179 AD2d 374, 375 [1992], *lv denied* 79 NY2d 757 [1992]). We have considered tenants' other arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Nardelli, Sweeny and McGuire, JJ.