■ MORRIS HEIGHTS HEALTH CENTER, INC., Respondent, v ANDREW DELLAPIETRA et al., Appellants, et al., Defendants. [834 NYS2d 9]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered November 25, 2005, which granted plaintiff prime tenant's motion directing subtenant DellaPietra and Professional Advisory Group (the PAG defendants) to pay use and occupancy of $33,600 for the first seven months of 2004, plus $4,800 in escrow and monthly thereafter, and order, same court and Justice, entered July 24, 2006, which, to the extent appealable, denied defendants' motion to vacate the restraining notices, unanimously affirmed, with one bill of costs.

The former prime tenant (defendants I.B.A. and Cherkassky) had no right to sublet the premises for a term extending beyond the 2003 expiration of their lease. As a general rule, a sublease cannot confer on a sublessee rights that are greater than those to which the sublessor is entitled (*Millicom Inc. v Breed, Abbott & Morgan,* 160 AD2d 496, 497 [1990], *lv denied* 76 NY2d 703 [1990]). The I.B.A. defendants' putative option to renew the sublease to the PAG defendants was thus unenforceable.

The award for use and occupancy was pendente lite and not a final award, so a hearing was not required at the time of the order (*Andejo Corp. v South St. Seaport Ltd. Partnership,* 35 AD3d 174 [2006]), because any necessary adjustments may be made after trial (*see East 4th St. Garage v Estate of Berkowitz,* 265 AD2d 249 [1999]). We find no basis for vacating the restraining notices.

To the extent the PAG defendants raised claims in a subsequent motion regarding DellaPietra's possession of the premises and his personal liability, which could have been raised in re-

sponse to plaintiff's initial motion, the PAG defendants were seeking to reargue the first order, denial of which is not appealable (*Cuebas v Smith*, 24 AD3d 200 [2005]). Even were we to review it, we would note that the record contains numerous admissions by and on behalf of DellaPietra that he was a party in possession of the premises. Concur—Mazzarelli, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.