■ SANDRA S. ADELSBERG, Appellant, v KENNETH AMRON, Respondent. [960 NYS2d 98]—

Order, Supreme Court, Bronx County (La Tia W. Martin, J.), entered January 13, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff's cross motion for an order directing that the parties' retirement assets be distributed

without postcommencement earnings and/or losses in value as a result of market forces, unanimously reversed, on the law, without costs, and the cross motion granted.

A stipulation is an independent contract which is subject to the principles of contract law (*see Matter of Caruso v Ward*, 146 AD2d 22 [1st Dept 1989]). A court should construe a stipulation made in open court in accordance with the intent of the parties and the purpose of the stipulation by examining the record as a whole (*see id.*; *Sklerov v Sklerov*, 231 AD2d 622 [2d Dept 1996]).

The parties' postjudgment stipulation entered into on May 13, 2010 provided that the commencement date of the divorce action would serve as the valuation date for the distribution of their retirement assets (*see* Domestic Relations Law § 236 [B] [4] [b]; *Greenwald v Greenwald*, 164 AD2d 706 [1st Dept 1991], *lv denied* 78 NY2d 855 [1991]), which they had previously agreed to distribute equally. While the stipulation was indeed silent on the issue of whether the transfers of all retirement accounts were with losses and/or earnings, courts are required to equitably distribute not only the parties' assets but their liabilities as well (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 420 [2009]). Nevertheless, the stipulation was clear that the valuation date of the retirement assets would be the commencement date of the action, and therefore plaintiff is only required to share in the earnings and/or losses as of that date. She did not stipulate that valuation as of the date of the commencement of the action was to also include "postcommencement" value changes attributable to market forces. Concur—Friedman, J.P., Saxe, Moskowitz, DeGrasse and Román, JJ.