■ 43RD STREET DELI, INC., Appellant, v PARAMOUNT LEASEHOLD, L.P., Respondent. [967 NYS2d 61]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered April 9, 2012, which granted defendant's motion seeking use and occupancy to the extent of setting the matter down for a hearing before a referee to hear and determine the amount owed by plaintiff for monthly use and occupancy pending the outcome of this action, unanimously affirmed, without costs.

A court has broad discretion in awarding use and occupancy pendente lite (*see Alphonse Hotel Corp. v 76 Corp.*, 273 AD2d 124 [1st Dept 2000]). Although the court may look to the amount of rent paid under a prior lease between the parties in setting use and occupancy (*see Kuo Po Trading Co. v Tsung Tsin Assn.*, 273 AD2d 111 [1st Dept 2000]), prior rent is only probative, not dispositive, on the issue (*see Mushlam, Inc. v Nazor*, 80 AD3d 471, 472 [1st Dept 2011]). Moreover, the court may refer the issue to a referee.

Here, under the lease in question, a new rent value is set when a tenant exercises its right of renewal. However, that right is only available to a tenant who is not in default. Since this suit is, in part, based upon plaintiff tenant's alleged default, and defendant landlord alleges that the lease has lapsed, making plaintiff a holdover tenant, it would be premature to find that the rent under the lease is the correct pendente lite pay-

ment (*compare New York Physicians LLP v Ironwood Realty Corp.*, 103 AD3d 410 [1st Dept 2013]).

To the extent that plaintiff is ultimately successful at trial, it may be provided with a refund or rent credit (*see Morris Hgts. Health Ctr., Inc. v DellaPietra*, 38 AD3d 261 [1st Dept 2007], *lv dismissed* 9 NY3d 887 [2007]). Concur—Tom, J.P., Friedman, Freedman and Feinman, JJ.