■ 230 Park Avenue Holdco, LLC, Appellant-Respondent, v Kurzman Karelsen & Frank, LLP, et al., Respondents-Appellants. [2 NYS3d 433]—

Order, Supreme Court, New York County (Ellen Coin, J.), entered May 6, 2013, which, inter alia, denied that part of plaintiff's motion for summary judgment seeking dismissal of the affirmative defense of breach of a stipulation, and granted that part of the motion seeking dismissal of the affirmative defense of surrender, affirmed, without costs.

The motion court properly found that the surrender defense was barred by the lease provision requiring a surrender and any waiver or modification of the lease to be in writing and further providing that delivery of the keys to the landlord shall not constitute a surrender.

The motion court also correctly denied plaintiff, the landlord's successor in interest, summary judgment dismissing the third affirmative defense asserting that plaintiff breached a stipulation of settlement. Following a holdover proceeding brought by plaintiff to recover possession of the subject premises, the

parties entered into a stipulation, dated August 22, 2011, in which defendant tenant consented to the entry of a final judgment of possession in favor of plaintiff and plaintiff reclaimed the premises. The stipulation expressly provides, however, that it does not constitute a surrender of the lease "by operation of law," and the lease forbids a surrender of the lease, except in writing. Nothing in the stipulation releases defendant from any further rent obligation under the terms of the lease, which was not due to expire before December 31, 2012. The parties reserved their rights, claims and defenses, including those available under the lease.

Although the stipulation prohibits defendant from subletting or assigning any of its rights or interests under the lease, it also provides that defendant is not prohibited "from locating and/or offering [plaintiff] a potential tenant for the Premises." As the motion court held, the import of this provision was clearly to provide defendant with an opportunity to cover all or some of the damages that plaintiff is claiming are due under the lease. Otherwise the provision would have no meaning.

There are triable issues of fact as to whether plaintiff improperly interfered with defendant's efforts, in violation of the stipulation, to find a tenant, which would, in turn, affect defendant's liability for future rent. Although plaintiff claims that it only contacted defendant's broker to have the subleasing listing removed, defendant claims that plaintiff interfered with defendant's right to list the space at all. There is evidence that plaintiff contacted defendant's broker directly in order to have the listing removed, and email correspondence between the parties shows that plaintiff did not make the space available for rent after defendant had vacated. The advertising flyer describing the broker retained by defendant as the "sublease agent" and offering the premises for sublet bears the date of July 2011, and there is evidence that it was approved by plaintiff and circulated prior to the date of the parties' August 22, 2011 stipulation. This circular does not satisfy plaintiff's prima facie burden on its motion of showing that its direct contact with the broker on September 15, 2011 was justified. Concur—Manzanet-Daniels, Feinman and Gische, JJ.

Sweeny, J.P., and DeGrasse, J., dissent in part in a memorandum by DeGrasse, J., as follows: I dissent because plaintiff's motion for summary judgment should have been granted to the further extent of dismissing the third affirmative defense by which defendants assert that plaintiff breached an August 22, 2011 stipulation settling a summary proceeding between plaintiff and defendant Kurzman Karelson & Frank, LLP (Kurz-

man). For reasons set forth below, I submit that the majority misconstrues the stipulation.

Plaintiff brings this action to recover rent and attorneys' fees due under a commercial lease between plaintiff's predecessor in interest, as landlord, and Kurzman, as tenant. The lease's expiration date was December 31, 2012. The stipulation of settlement provided for the entry of a final judgment of possession of the demised premises in favor of plaintiff, and the immediate issuance of a warrant of eviction with the execution thereof to be stayed until September 1, 2011. As required by the stipulation, Kurzman did "vacate and surrender possession of the Premises on or before August 31, 2011."

By July 18, 2011, Kurzman had entered into a lease of other premises for a term that began on September 1, 2011. Accordingly, Kurzman retained CB Richard Ellis (CBRE), a brokerage firm, to list the demised premises for sublease. The New York City CoStar Group (CoStar), a multiple listing service engaged by CBRE, issued marketing flyers listing the demised premises as available for sublease from September 1, 2011 to December 31, 2012. By email dated September 15, 2011, Monday Properties, plaintiff's managing agent, asked CoStar to remove the "sublease listing."

With regard to the third affirmative defense, the majority and defendants rely on the stipulation's provision that "[n]otwithstanding anything herein to the contrary, nothing herein shall prohibit [Kurzman] from locating and/or offering to [plaintiff] a potential tenant for the Premises, subject to [plaintiff's] approval of any such prospective tenant." The majority's apparent premise is that Monday's September 15, 2011 email asking CoStar to remove the sublease listing raises an issue of fact as to whether plaintiff breached Kurzman's purported right to locate prospective tenants for the premises.

I disagree with the majority's analysis for two reasons. First, having relinquished its right to possession of the premises as of August 31, 2011, Kurzman could not have entered into a sublease on September 15, 2011 when Monday emailed CoStar. No sublease can give a sublessee greater rights than those afforded to its sublessor (*Millicom Inc. v Breed, Abbott & Morgan*, 160 AD2d 496, 497 [1st Dept 1990], *lv denied* 76 NY2d 703 [1990]). In other words, a tenant cannot sublease premises that he or she has no right to possess. Second, the majority adopts Kurzman's erroneous argument that the stipulation, somehow provided for an opportunity for Kurzman to cover all or some of the damages caused by its breach of the lease. This argument misconstrues the stipulation, which merely provided that it *did*

*not prohibit* Kurzman from locating or offering potential tenants subject to plaintiff's approval. This language does not provide for a right to do so. "A stipulation is an independent contract which is subject to the principles of contract law" (*Adelsberg v Amron*, 103 AD3d 571, 572 [1st Dept 2013]). The words of a stipulation, like those of any other contract, must be accorded their fair and reasonable meaning (*see Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 555 [1982]).

Also, the stipulation, by its own terms, was "entered into between the parties . . . solely for the purpose of adjudicating [plaintiff's] right to possession of the Premises." For this reason, there is no merit to defendants' contention that the stipulation imposed upon plaintiff an obligation to mitigate damages consisting of rent unpaid for the balance of the lease term.

Kurzman's vague assertions that plaintiff otherwise sabotaged its efforts to identify prospective tenants and resisted CBRE's efforts to show the premises to interested parties are insufficient to raise a triable issue of fact with respect to the third affirmative defense.

For the reasons stated by the majority, I agree that the motion court properly dismissed the first and second affirmative defenses by which defendants assert that the premises were surrendered by operation of law. Nonetheless, I would modify the order entered below to the extent of granting plaintiff's motion for summary judgment dismissing the third affirmative defense that is based on an alleged breach of the stipulation of settlement.