■ IVAN DORADOR, Respondent, v TRUMP PALACE CONDOMIN-IUM, Appellant. (And a Third-Party Action.) TRUMP PALACE CONDOMINIUM, Second Third-Party Plaintiff-Appellant, v R&J COMPANY, LLC, et al., Second Third-Party Defendants. [6 NYS3d 236]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 1, 2014, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim and denied defendant/second third-party plaintiff's (Trump) cross motion for summary judgment dismissing that claim, unanimously affirmed, without costs. Order, same court and Justice, entered April 30, 2014, which, to the extent appealed from as limited by the briefs, upon reargument, granted second third-party defendants' motion to stay the second third-party action as against second third-party defendant R&J Company, LLC pending resolution of a proceeding in the bankruptcy court, and granted plaintiff's cross motion to sever the second third-party action from the main action, unanimously affirmed, without costs. Order, same court and Justice, entered April 30, 2014, which, to the extent appealed from as limited by the briefs, stayed Trump's motion for summary judgment on its contractual indemnification claim against R&J, unanimously affirmed, without costs.

Upon a review of the factors set forth in *Soto v J. Crew Inc.* (21 NY3d 562, 568 [2013]), the motion court correctly found that plaintiff, at the time of his accident, was engaged in a "cleaning" activity under Labor Law § 240 (1). Plaintiff's application of masking tape to windows in preparation for stripping and relacquering of the brass on the facade of Trump's building is not the type of task that is performed on a relatively frequent and recurring basis as part of ordinary maintenance (*see Soto*, 21 NY3d at 568). Further, plaintiff's work on a scaffold six to seven feet above the sidewalk involved a significant elevation risk (*id.; see generally Auriemma v Biltmore Theatre, LLC*, 82 AD3d 1, 9 [1st Dept 2011]).

The motion court properly stayed the second third-party ac-

tion and Trump's motion against R&J, the nondebtor codefendant in the second third-party action. R&J, as the alleged indemnitee of its codefendant, is united in interest with its codefendant, the discharged debtor. Accordingly, the bankruptcy court's discharge injunction should extend to R&J (*see generally In re Saint Vincent's Catholic Med. Ctrs. of N.Y.*, 2014 WL 3545581, *7-9, 2014 US Dist LEXIS 97808, *17-25 [SD NY, July 16, 2014, Nos. 14-cv-3293 (PKC), 10-11963 (CGM)]).

The motion court providently exercised its discretion in severing the second third-party action from plaintiff's action to avoid prejudice to plaintiff by further delay of his trial-ready action (*see* CPLR 603). Concur—Tom, J.P., Renwick, DeGrasse, Manzanet-Daniels and Clark, JJ.