**SI HYLAN CARE, LLC, Respondent, v 2454-2464 HYLAN BOULEVARD, LLC, Appellant.** [30 NYS3d 640]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), entered July 1, 2014, which denied its motion to change venue to Richmond County, and (2) an order of the same court entered August 5, 2014, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that appeal from the order entered July 1, 2014, is dismissed as academic in light of the determination on the appeal from the order entered August 5, 2014; and it is further,

Ordered that the order entered August 5, 2014, is reversed, on the law, and the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

This case involves real property located on Hylan Boulevard in Richmond County. In 1973, the prior owners of the property entered into a long-term lease for the property (hereinafter the prime lease) with nonparty 120 Stuyvesant Corp. In 1994, 120 Stuyvesant Corp. assigned its rights under the prime lease to nonparty Hylan New Dorp, L.P. (hereinafter the tenant).

In 2008, the defendant, 2454-2464 Hylan Boulevard, LLC (hereinafter the owner), became the owner of the property, subject to the terms of the prime lease. In 2013, the tenant entered into a sublease with the plaintiff, SI Hylan Care, LLC (hereinafter the subtenant), which contained a provision giving the subtenant the right to purchase the property from the owner at fair market value. However, the prime lease did not contain any provisions giving the tenant the right to purchase the property. The subtenant sought to exercise its purported right under the sublease to purchase the property, but the owner refused to sell the property, advising the subtenant that it had no right to purchase the property.

The subtenant commenced the instant action, in Nassau County, asserting causes of action sounding in breach of contract and seeking a declaration that it had the right to purchase the property. The owner moved for a change of venue from Nassau County to Richmond County. In an order entered July 1, 2014, the Supreme Court denied the motion, concluding

that a forum selection provision in the sublease which allowed venue to be placed in any New York county was applicable. The owner subsequently moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint. In an order entered August 5, 2014, the court denied that motion as well. The owner appeals from both orders.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one . . . [The motion] must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Thaw v North Shore Univ. Hosp.*, 129 AD3d 937, 938 [2015] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851-852 [2012]).

Here, the owner submitted evidentiary material, including the prime lease, the sublease, and certain correspondence between the parties. That evidence demonstrated that the subtenant did not have a cause of action against the owner to enforce the sublease provision that purportedly granted the subtenant a right to purchase the property. A sublease can confer no greater rights on a sublessee than those afforded to the tenant by the prime lease (*see Morris Hgts. Health Ctr., Inc. v DellaPietra*, 38 AD3d 261 [2007]; *Millicom Inc. v Breed, Abbott & Morgan*, 160 AD2d 496, 497 [1990]; *Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co.*, 94 AD2d 466, 470 [1983], *affd* 62 NY2d 930 [1984]; *Johns v AMC Beauty Salon*, 29 Misc 3d 342, 346 [Civ Ct, New York County 2010]).

Further, there was no privity of contract between the subtenant and the owner under the sublease (*see Ivan Mogull Music Corp. v Madison-59th St. Corp.*, 162 AD2d 336, 337 [1990]; *La Vack v National Shoes*, 124 AD2d 352, 353 [1986]; *Tefft v Apex Pawnbroking & Jewelry Co.*, 75 AD2d 891 [1980]; *see also Chock Full O'Nuts Corp. v NRP LLC I*, 11 AD3d 385, 386 [2004]).

Accordingly, the Supreme Court should have granted the owner's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

In light of our determination on the appeal from the order entered August 5, 2014, we dismiss as academic the appeal from the order entered July 1, 2014, denying the owner's motion to change venue to Richmond County. We note, however, that the Supreme Court erred in denying the owner's motion for a change of venue to Richmond County, where the subject property is situated. The forum selection provision of the sublease was not binding on the owner because it was not a party to the agreement, and, in any event, under the language of that provision, the action would still be subject to CPLR 507, which provides that venue in an action "in which the judgment demanded would affect the title to . . . real property," shall be in the county where the property is located, which is Richmond County. Leventhal, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.