500 Cathedral Parkway LLC, Petitoner-Landlord-Appellant, 
against
Pedro Gutierrez, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents.



Landlord appeals from an so much of an order of the Civil Court of the City of New York, New York County (Timmie Erin Elsner, J.), dated August 16, 2018, as denied its motion for summary judgment of possession, retroactive use and occupancy and attorneys' fees in a holdover summary proceeding.




Per Curiam.
Order (Timmie Erin Elsner, J.), dated August 16, 2018, insofar as appealed from, affirmed, with $10 costs.
This holdover proceeding is not susceptible to summary disposition. The limited record now before us raises, but does not resolve, several material triable issues, including the rent regulatory status of the subject apartment, an issue which turns on whether the parties engaged in a scheme to evade the rent laws when they stipulated in a prior proceeding that respondent, the sole occupant following the death of the rent controlled tenant, would temporarily vacate the premises so that apartment renovations could be performed; further stipulated that respondent would not to contest the legal rent or the regulatory status of the premises; and then executed, a mere five days later, a lease which deregulated the apartment and set the monthly rent at $3,025 (see Jazilek v Abart Holdings LLC, 10 NY3d 943 [2008]; Riverside Syndicate, Inc. v Munroe, 10 NY3d 18 [2008]).
In the particular circumstances of this case, the court's award of prospective, and not retroactive, use and occupancy, was an appropriate exercise of discretion (see generally Andejo Corp. v South St. Seaport Ltd. Partnership, 35 AD3d 174 [2006]). "[T]he award of use and occupancy is only pendente lite, and the remedy for any over or underpayment is a speedy trial" (Mushlam, Inc. v Nazor, 104 AD3d 483 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 03, 2018