Dorador v Trump Palace Condominium (2021 NY Slip Op 00112)





Dorador v Trump Palace Condominium


2021 NY Slip Op 00112


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 101992/09 590466/09 590297/10 595134/16 Appeal No. 12842-12842A Case No. 2019-5591 

[*1]Ivan Dorador, Plaintiff,
v
Trump Palace Condominium, Defendant. [And a Third-Party Action]
Trump Palace Condominium, Second Third-Party Plaintiff-Appellant,
v
R&J Company, LLC, et al., Second Third-Party Defendants-Respondents.
Trump Palace Condominium, Third Third-Party Plaintiff-Appellant-Respondent,
v
Aztec Metal Maintenance Corp., Third Third-Party Defendant-Respondent-Appellant.


Lester Schwab Katz & Dwyer, LLP, New York (John Sandercock of counsel), for appellant.
Marshal Dennehey Warner Coleman & Goggin, P.C., New York (Richard C. Imbrogno of counsel), for R&J Company, LLC, The Great Atlantic & Pacific Tea Company, Inc., and The Food Emporium, Inc., respondents.
Shaub, Ahmuty, Citrin & Spratt LLP, New York (Jonathan P. Shaub of counsel), for Aztec Metal Maintenance Corp., respondent.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered January 29, 2018, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff Trump Palace Condominium's (Condo) motions for conditional summary judgment on its contractual indemnity claims against second third-party defendants R&J Company, LLC (R&J) and The Great Atlantic & Pacific Tea Company, Inc. d/b/a The Food Emporium, Inc. (A&P), and against third third-party defendant Aztec Metal Maintenance Corp. (Aztec), and granted in part Aztec's cross motion for summary judgment dismissing Condo's indemnity claims, unanimously modified, on the law, Condo's motion granted as against its unit owner, R&J, and otherwise affirmed, without costs. Order, same court and Justice, entered February 4, 2020, which granted Aztec's motion for leave to reargue, and upon reargument, granted the remainder of Aztec's motion for summary judgment and dismissed the action as against it, unanimously affirmed, without costs.
Conditional summary judgment should be granted to Condo as against R&J. Under the plain meaning of the indemnification provision in Condo's bylaws, the stripping, cleaning, and re-lacquering of brass being performed when plaintiff was injured constituted a repair (see NFL Enters. LLC v Comcast Cable Communications, LLC, 51 AD3d 52, 58 [1st Dept 2008]). Thus, R&J is required to hold Condo harmless for its liability to plaintiff, in conformity with the bankruptcy court's order allowing recovery of "any available insurance proceeds" of R&J "in excess of any self-insured retention obligation."
Conditional summary judgment was properly denied as against A&P, R&J's tenant, "[b]ecause there is no privity of contract between" Condo and A&P (Tefft v Apex Pawnbroking & Jewelry Co., 75 AD2d 891, 892 [2d Dept 1980]; accord Neidich v Gottlieb, 169 AD2d 541, 542 [1st Dept 1991]; see also Chateau D'If Corp. v City of New York, 219 AD2d 205, 209-210 [1st Dept 1996], lv denied 88 NY2d 811 [1996] [legal issue evident from face of record may be considered for first time on appeal]). Although A&P agreed in its lease to comply with R&J's obligations under the bylaws, Condo does not demonstrate prima facie that it is an intended, rather than incidental, third-party beneficiary to the lease, or that the lease evinces "an intent to permit enforcement by the third party" (Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 710 [2018]). That A&P is bound to defend, indemnify, and hold harmless R&J, which led to a previous order staying the second third-party action, in conformity with the bankruptcy court's discharge injunction (Dorador v Trump Palace Condominium, 126 AD3d 603, 604 [1st Dept 2015]), does not prove otherwise. Contrary to Condo's contention, this Court did not previously determine that A&P is contractually obligated to indemnify Condo under its bylaws (id.).
Conditional summary judgment as against Aztec was properly denied, as Condo [*2]did not prove prima facie that a rider to its contract with Aztec to provide marble maintenance applies to Aztec's metal maintenance work performed pursuant to a separate agreement with A&P (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
Conversely, summary judgment to Aztec on the contractual indemnification claim was properly granted. Condo cannot show that "the intention to indemnify [is] clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 595 [1st Dept 2014]). Requiring indemnification for work unconnected to any contract between Aztec and Condo would "produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties" (Greenwich Capital Fin. Prods., Inc. v Negrin, 74 AD3d 413, 415 [1st Dept 2010]; see also Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 581 [2017]).
Supreme Court providently granted Aztec leave to reargue, determining that it had misapprehended the substance of Condo's third cause of action against Aztec (see CPLR 2221[d]; Luna v Brodcom W. Dev. Co. LLC, 177 AD3d 516, 517 [1st Dept 2019]). Upon reargument, the court properly found that the third cause of action actually sought indemnification from Aztec instead of damages for purportedly failing to procure insurance in its favor. In any event, the record shows that Condo does not have a cause of action for failure to procure insurance (see Guggenheimer v Ginzberg, 43 NY2d 268, 275 [1977]). The agreement between Aztec and A&P, which requires Aztec to provide insurance for A&P, its subsidiaries, and affiliates, does not require such coverage for the Condo (see Dormitory Auth., 30 NY3d at 710), the agreement between Aztec and Condo does not apply to the work performed for A&P (see Greenwich Capital, 74 AD3d at 415),
and Condo does not limit the damages it seeks to recover to out-of-pocket expenses (see Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 114 [2001]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021