Synod of Bishops of the Russian Orthodox Church Outside of Russia v Preschool of Am. (2023 NY Slip Op 01246)

Synod of Bishops of the Russian Orthodox Church Outside of Russia v Preschool of Am.

2023 NY Slip Op 01246

Decided on March 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 09, 2023

Before: Webber, J.P., Kern, Oing, Friedman, González, JJ. 

Index No. 652423/21 Appeal No. 17480 Case No. 2022-04048 

[*1]Synod of Bishops of the Russian Orthodox Church Outside of Russia, Plaintiff-Respondent,
v
Preschool of America (USA) Inc. Doing Business as Metrokids Preschool, Defendant-Appellant.

The DeMarco Law Firm, PLLC, Forrest Hills (Enrico DeMarco of counsel), for appellant.
Landy Wolf, PLLC, New York (David A. Wolf of counsel), respondent.

Order, Supreme Court, New York County (Laurence Love, J.), entered July 14, 2022, which granted plaintiff's motion for use and occupancy pendente lite in accordance with Real Property Law § 220, in the amount of $93,276.36 per month retroactive to July 2, 2021, unanimously affirmed, without costs.
Initially, the appeal is not moot. It does not appear that defendant has confirmed that it has vacated the premises, and in any event, neither party disputes that defendant was in possession of the premises from at least July 2, 2021 through July 12, 2022 — a period covered by the use and occupancy order.
As to the merits, Supreme Court providently exercised its discretion in awarding plaintiff use and occupancy pendente lite in accordance with article 54 of the lease, which provides for payment of use and occupancy as long as the tenant continues to occupy the premises after the lease is terminated (Real Property Law § 220; see Alphonse Hotel Corp. v 76 Corp., 273 AD2d 124 [1st Dept 2000]). Likewise, the court providently exercised its discretion in setting the rate of use and occupancy at double the amount of the base rent, as it was entitled to rely on the parties' agreement — that is, article 54 of the lease — providing that use and occupancy was to be set at double the rent in effect before termination (see Real Property Law § 220; Tenber Assoc. v Bloomberg L.P., 51 AD3d 573, 574 [1st Dept 2008]; Carlyle, LLC v Quik Park Beekman II, LLC, 59 Misc 3d 35, 37 [App Term, 1st Dept 2018]).
Supreme Court also properly enforced article 54 without holding a hearing, as the award was not final. For the same reason, the court was not obliged to consider the affidavit of defendant's expert (Real Property Law §220; see Morris Hgts. Health Ctr., Inc. v DellaPietra, 38 AD3d 261, 261 [1st Dept 2007], lv dismissed 9 NY3d 887 [2007]; Andejo Corp. v South St. Seaport Ltd. Partnership, 35 AD3d 174, 174 [1st Dept 2006]).
We reject defendant's assertion that article 54 was an improper liquidated damages provision because the amount imposed actually constituted a penalty. Use and occupancy pendente lite is ordered without prejudice, and therefore, a tenant may, if necessary, receive a refund or rent credit for any overcharge at disposition of the action
(see East 4th Street Garage v Estate of Berkowitz, 265 AD2d 249, 249 [1st Dept 1999]; 43rd St. Deli, Inc. v Paramount Leasehold, L.P., 107 AD3d 501, 502 [1st Dept 2013]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2023