■ C. RICHARD STAFFORD, Respondent, v JEWELLE BICKFORD et al., Appellants.—Order, Supreme Court, New York County (David Edwards, Jr., J.), entered on or about July 15, 1988, which granted plaintiff's motion striking defendants' answer unless the defendants appeared for an examination before trial, granted leave to plaintiff to serve an amended complaint and denied defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the plaintiff's motion denied and the defendants' cross motion granted, without costs.

This is an action for defamation. There are two causes of action in the original complaint. In the first, plaintiff alleges that he was slandered at a meeting at the home of Dr. Elaine Hart around May 1979, a meeting attended by Dr. Hart, her lawyer, defendant Nathaniel Bickford, the vice-chairman of the board of plaintiff's employer, Carter Wallace Co., C.O.

Hoyt, and the general counsel to Carter Wallace, Ralph Levine. Plaintiff alleges that at the meeting defendant Nathaniel Bickford stated that plaintiff had made a number of harassing phone calls to Dr. Hart, a person with whom plaintiff had had a relationship. At the time, plaintiff alleges, defendant Nathaniel Bickford knew that plaintiff had not made the calls. Defendant Nathaniel Bickford denied that he made the statement but both Hoyt and Levine say that the statement was made.

In the second cause of action plaintiff alleges that he was slandered at an unspecified time when defendant Jewelle Bickford told plaintiff's former wife, Anita Stafford, the plaintiff "was a bad man, untrustworthy and responsible for harassing and threatening Dr. Hart."

This action is barred by the one-year Statute of Limitations applicable to actions for defamation. (CPLR 215.) The complaint is dated March 25, 1982. The first slanderous statement is alleged to have occurred in May 1979. No date is given for the second allegedly slanderous statement.

A third cause of action in the proposed amended complaint also is not specific as to the time when defendant Jewelle Bickford allegedly made the slanderous statement quoted above to Anita Stafford. In the second cause of action of the proposed amended complaint, it is alleged that in February 1981 at a dinner party the defendant Jewelle Bickford told a person named Dolores Barrett that plaintiff had made harassing calls to Dr. Hart. If the date of the allegedly slanderous statement is February 1981, the action is untimely.

While plaintiff contends that the defendant Nathaniel Bickford should be estopped from claiming the Statute of Limitations because plaintiff was told by Nathaniel Bickford that no meeting would take place and nothing would be said about plaintiff allegedly making harassing phone calls, the argument is untenable in view of the absence of any claim of estoppel in the pleadings. (*Florio v Cook,* 48 NY2d 792 [1979]; *Simcuski v Saeli,* 44 NY2d 442 [1978]; *Five Platters v Williams,* 81 AD2d 534 [1st Dept 1981], *appeal dismissed* 54 NY2d 752.) Finally, as to the claim against Jewelle Bickford, there is no evidence that the words were published and this constitutes an additional reason for granting summary judgment to her. While the motion court did not specifically deny the motion of the defendant Jewelle Bickford for summary judgment, it is clear that her motion was implicitly denied by the court's order that she appear for a deposition and this court has jurisdiction

to determine the appeal. Concur—Kupferman, J. P., Carro, Ellerin and Smith, JJ.