■ BEHROOZ BASSIM, Appellant, v CATHERINE HASSETT, Respondent.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Duskas, J.), entered October 29, 1991 in St. Lawrence County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

In January 1991, plaintiff, acting *pro se,* commenced the instant action to recover money damages from defendant, a former patient, who, along with two other former patients, had filed complaints of professional misconduct against him with the Office of Professional Medical Conduct (hereinafter OPMC). Their complaints eventually resulted in the revocation of plaintiff's license to practice medicine, a determination confirmed by this court *(Matter of Bassim v Sobol,* 178 AD2d 787, *appeal dismissed, lv denied* 79 NY2d 941).

In his complaint, plaintiff charges that defendant fabricated the improper sexual contact which she averred occurred during his treatment of her and that her statements to that effect constituted false and intentional accusations, harassment, defamation, libel and perjury. The libel allegedly occurred on September 14, 1988 when defendant gave a sworn statement to an OPMC investigator and the most recent purportedly slanderous statement was uttered on April 27, 1989 when defendant gave sworn testimony at plaintiff's disciplinary hearing. Following interposition of her answer, defendant moved to have the complaint summarily dismissed for the reason, among others, that it was time barred. Inasmuch as this action was not commenced until January 1991, Supreme Court quite rightly found these defamation claims barred by the one-year Statute of Limitations (CPLR 215 [3]).

On appeal, plaintiff maintains that in dismissing his complaint Supreme Court failed to consider other causes of action for which the applicable statutory periods had not yet run. Of the various arguments advanced by plaintiff to support this contention, only one merits discussion, i.e., that defendant committed perjury when she testified at the administrative disciplinary hearing on April 27, 1989, and that this constitutes a prima facie tort for which the Statute of Limitations is three years and which claim hence remains viable (CPLR 214 [5]; *see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C214:5, at 527).

Although plaintiff did not advert to prima facie tort in his complaint, he did so in his response to defendant's motion to dismiss and for summary judgment when he stated that "there are clues as to presence of defamation and prima facie tort in the Defendant's profile to justify probing into the matter via Discovery". Even viewing the pleadings in the light most favorable to plaintiff, it cannot be said that a cause of action in prima facie tort has been stated. Prima facie tort, which may be pleaded in the alternative with traditional torts, consists of unjustified or inexcusable intentional inflic-

tion of harm, causing special damages, by an act or series of acts that would otherwise be lawful *(Curiano v Suozzi,* 63 NY2d 113, 117; *see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332-333). Here, plaintiff's complaint lacks a most essential ingredient of prima facie tort, an allegation that defendant's sole motivation was "disinterested malevolence"; to the contrary, it states "the fact that [the false accusations] were both intentional and false proves existence of motive or corrupt purpose which is beyond [plaintiff's] reasonable capability to identify or discover. The possibilities for the motive or the motives are numerous, but the real motive remains buried in [defendant's] mind * * *." Accordingly, even were plaintiff to have raised such a cause of action in his pleadings, it would not stand *(see, Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 333; *Williams v Arpie,* 56 AD2d 689, 690, *affd* 44 NY2d 689). The conclusion we have reached is consistent with the concept that prima facie tort was designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy, and not to provide a " 'catch-all' alternative for every cause of action which cannot stand on its legs" *(Belsky v Lowenthal,* 62 AD2d 319, 323, *affd* 47 NY2d 820; *accord, Curiano v Suozzi, supra,* at 118; *Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 333).

As for plaintiff's claims that the Statute of Limitations did not expire until November 5, 1991, one year after his license to practice medicine was revoked, or October 5, 1991, one year after the news media republished defendant's statements, they are meritless. For the purpose of computing the running of the one-year Statute of Limitations, the causes of action accrue on the day the statement at issue was originally published *(see, Stafford v Bickford,* 159 AD2d 456, 457, *lv dismissed* 76 NY2d 825), not the date of revocation of plaintiff's license *(see, e.g., Berger v Gilbert,* 65 AD2d 882, 883-884, *lv denied* 47 NY2d 709), and later republications of the allegedly defamatory statements by a third party do not revive the causes of action against defendant from the original publication *(see, Clark v New York Tel. Co.,* 52 AD2d 1030, *affd* 41 NY2d 1069).

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.