■ 1-10 INDUSTRY ASSOCIATES, LLC, Appellant, v TRIM CORPORATION OF AMERICA, Respondent. [747 NYS2d 29] ■

The plaintiff, 1-10 Industry Associates, owns an 85-year-old complex of buildings on the Brooklyn waterfront, known as Industry City. The defendant, Trim Corporation of America (hereinafter Trim), has leased space in Industry City since 1991. In the fall of 1999, when Trim still had approximately three years left on its leases for space in buildings 9 and 10 of the complex, a representative of the plaintiff approached Trim's president to discuss the possibility of relocating Trim's operations to a different site. Following several weeks of negotiations, on December 10, 1999, the parties entered into a letter agreement that called for Trim to immediately surrender a portion of its space in building 9 that it used for storage, and relocate that part of its operations to building 10. In exchange for Trim's agreement to relocate its storage area, the plaintiff

agreed to abate Trim's rent for the new storage space for a sixth-month period, and to subsequently charge Trim a rental of $3 per square foot for this space until August 31, 2002, when Trim's leases were due to expire. In addition, the plaintiff agreed to extend Trim's leases for an additional five-year period at a below-market rent of $4 per square foot. In exchange for extending the leases, the letter agreement gave the plaintiff the right to completely relocate all of Trim's operations from buildings 9 and 10 to a "comparable 'reasonably contiguous' facility subject to [Trim's] approval * * * within [Trim's] existing lease term or within their new lease term." After Trim rejected four proposed relocation sites, the plaintiff commenced this action alleging, inter alia, that Trim breached the letter agreement by failing to exercise good faith in its refusal to relocate to any of the alternate sites it was offered. Trim responded by moving to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, contending that the letter agreement afforded it an absolute right to withhold its consent to relocate for any reason or no reason at all. The Supreme Court granted Trim's motion, concluding that the complaint did not state a cause of action to recover damages for breach of contract because the letter agreement contained no requirement that Trim act reasonably in deciding whether to relocate its operations, and that the related claims asserted in the complaint must also fail because there was no breach of contract.

On appeal, the plaintiff contends, inter alia, that its first cause of action states a viable breach of contract cause of action based upon Trim's alleged violation of the implied covenant of good faith and fair dealing. We agree. Under New York law, a covenant of good faith and fair dealing is implied in all contracts (*see Dalton v Educational Testing Serv.,* 87 NY2d 384, 389; *Van Valkenburgh, Nooger & Neville v Hayden Publ. Co.,* 30 NY2d 34, 45, *cert denied* 409 US 875; *Zuckerwise v Sorceron, Inc.,* 289 AD2d 114). The implied covenant of good faith encompasses "any promises which a reasonable person in the position of the promisee would be justified in understanding were included" in the agreement, and prohibits either party from doing "anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract" (*Dalton v Educational Testing Serv., supra* at 389 [internal quotation marks omitted], citing *Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62, 69; *Kirke La Shelle Co. v Armstrong Co.,* 263 NY 79, 87). Here, although the letter agreement did not contain a provision requiring Trim to act reasonably in approving or rejecting proposed relocation sites, Trim had an

implied obligation to exercise good faith in reaching its determination (*see Dalton v Educational Testing Serv., supra*; *cf., Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594). Accordingly, the plaintiff's allegation that Trim acted in bad faith to thwart its right to require Trim to surrender its space in buildings 9 and 10, thus depriving the plaintiff of an intended benefit of the letter agreement, is sufficient to state a cause of action to recover damages for breach of contract based upon violation of the implied covenant (*see Zuckerwise v Sorceron, Inc., supra*; *Morris v Putnam Berkley, Inc.,* 259 AD2d 425; *Just-Irv Sales v Air-Tite Bus. Ctr.,* 237 AD2d 793). We therefore reinstate the plaintiff's first cause of action seeking damages for breach of contract, as well as its fourth and fifth causes of action, which are also predicated upon Trim's alleged breach of the letter agreement. S. Miller, J.P., Krausman, Goldstein and Cozier, JJ., concur.