■ ANTHONY FOONG, M.D., et al., Respondents, v EMPIRE BLUE CROSS AND BLUE SHIELD, Also Known as EMPIRE HEALTH CHOICE, et al., Appellants. [762 NYS2d 348] —Order, Supreme Court, New York County (Charles Ramos, J.), entered October 1, 2002, which, insofar as appealed from, denied defendant health maintenance organization's motion for summary judgment dismissing plaintiff health care professional's causes of action for violation of Public Health Law §§ 4406-d and 230 (11) (b), and for breach of contract and breach of the common-law duty of good faith and fair dealing, unanimously affirmed, with costs.

Plaintiff has an implied right of action under Public Health Law § 4406-d, which gives health care providers a measure of due process, in the form of peer review, against the arbitrary termination of health care plan contracts, but does not provide for any means of enforcement (see Uhr v East Greenbush Cent. School Dist., 94 NY2d 32, 38, 39-40 [1999]). We reject defendant's argument that such a right of action will thwart its statutory right to terminate a provider immediately, without a hearing, in cases of imminent harm to patient care and fraud. Defendant remains free to terminate a provider without a hearing, although its grounds for doing so are subject to judicial review. For similar reasons, plaintiff has an implied right of action under Public Health Law § 230 (11) (b), which immunizes from suit insurers and others who make good faith reports to the State Board for Professional Medical Conduct. Here, an issue of fact as to defendant's good faith is raised by evidence that although it terminated plaintiff on the basis of imminent harm to patients, it waited 13 months after first notifying him of his alleged substandard care, and by the finding of the New York County Medical Society that plaintiff had demonstrated sound medical practice. Plaintiff's cause of action for breach of contract was properly sustained based on allegations that defendant withheld payments due for services rendered, and the existence of issues of fact as to imminent harm and fraud. Plaintiff's cause of action for breach of the duty of good faith and fair dealing was properly sustained as it alleges several claims not made under his cause of action for

breach of contract, including that he was terminated in retaliation for his having notified the Department of Insurance of defendant's "improper actions." Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Gonzalez, JJ.