*6 OPINION OF THE COURT
Memorandum.
Judgment unanimously modified by striking the award in favor of plaintiff and dismissing plaintiffs action; as so modified, affirmed without costs.
In this small claims action, plaintiff, a clinical psychologist, sued defendant to recover unpaid fees. Defendant asserted a counterclaim, sounding in breach of contract, to recover the amount she believed her health insurer would have reimbursed her if plaintiff had provided the health insurer with information sufficient to permit the health insurer to determine that the visits were covered under defendant’s health insurance policy. At trial, it was established that although plaintiffs fee policy contemplated that defendant would be reimbursed by her health insurance company, plaintiff unilaterally opted not to complete the paperwork requested by the health insurer as well as defendant because he was not a participating provider and he wanted to “stand up for his profession” and not become “subjugated” to the health insurance company. Even though defendant offered to pay plaintiff his hourly rate for reports, as per plaintiffs fee schedule, for the time he would spend filling out the paperwork required by defendant’s health insurance company, plaintiff refused to do so.
“Within every contract is an implied covenant of good faith and fair dealing” (Aventine Inv. Mgt. v Canadian Imperial Bank of Commerce, 265 AD2d 513, 513-514 [1999]). “The implied covenant of good faith encompasses any promises which a reasonable person in the position of the promisee would be justified in understanding were included in the agreement, and prohibits either party from doing anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract” (1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630, 631 [2002] [citations and internal quotation marks omitted]). Although plaintiffs fee statement contemplates that defendant would be seeking reimbursement from her health insurance company, plaintiffs refusal prevented defendant from obtaining such reimbursement. Such conduct by plaintiff was a breach of the implied covenant of good faith. As a result, plaintiff cannot recover his unpaid fees inasmuch as he should bear the cost of his decision to “stand up for his profession,” rather than defendant. Consequently, because the judgment did not render substantial justice between the parties ac *7 cording to the rules and principles of substantive law (see UJCA 1807), it must be modified to dismiss plaintiffs action.
To the extent defendant sought recovery upon her counterclaim, her claim is too speculative to permit recovery inasmuch as it is unknown how much her health insurer would have reimbursed her for the money she actually paid to plaintiff.
Doyle, P.J., Rudolph and Skelos, JJ., concur.