DARLENE LANCASTER, Respondent, v TOWN OF EAST HAMPTON et al., Defendants, and TIFFANY KECKEISEN, Appellant. [864 NYS2d 537]—

In an action, inter alia, to recover damages for age discrimination, defamation, and prima facie tort, the defendant Tiffany

Keckeisen appeals from an order of the Supreme Court, Suffolk County (Pines, J.) dated November 28, 2007, which denied her motion pursuant to CPLR 3211 to dismiss the fourth and fifth causes of action to recover damages for defamation and prima facie tort, respectively.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was to dismiss the fourth and fifth causes of action insofar as asserted against her, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defamation cause of action insofar as asserted against the appellant in an amended complaint, which added her as a defendant to the plaintiff's existing action against, among others, the Town of East Hampton, related back to the date of the filing of the original complaint in December 2004 (*see Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448 [1988]). However, as asserted by the appellant in her motion to dismiss the defamation cause of action, the last statement that she allegedly made about the plaintiff was in October 2003. Thus, the action was initiated two months past the one-year statute of limitations for defamation (*see* CPLR 215 [3]).

The Supreme Court erred in refusing to consider the appellant's statute of limitations argument on the ground that it had been determined by the court on a previous motion for leave to amend the complaint. The motion for leave to amend the complaint had not been served upon the appellant, who was not at that time a party to the litigation. As such, she had no opportunity to raise her separate statute of limitations' defense to the motion for leave to amend.

The appellant's affidavit in support of her motion to dismiss, asserting that no defamatory statements were made within the one-year statute of limitations' period, was not refuted by the plaintiff. The plaintiff did not assert in her affidavit in opposition pursuant to CPLR 3211 (d) that facts unavailable to her, essential to justify opposition, may exist but could not then be stated. The plaintiff asserted that the alleged defamatory remarks in issue involved the appellant's false reports to the Town and its agents. However, the plaintiff did not allege that any of the remarks were made by the appellant after the plaintiff was fired in December 2003. The plaintiff did not request discovery from the appellant as to whether any defamatory statements were subsequently made, and she did not assert that she attempted to discover this information during depositions of the original defendants to this action.

The cause of action sounding in prima facie tort also must be dismissed insofar as asserted against the appellant. The plaintiff's pleadings set forth allegations of pure defamation. "[P]rima facie tort was designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy, and not to provide a 'catch all' alternative for every cause of action which cannot stand on its legs" (*Bassim v Hassett*, 184 AD2d 908, 910 [1992] [internal quotation marks omitted]).

Moreover, the plaintiff did not plead that the appellant's alleged defamatory statements were motivated solely by disinterested malevolence (*see Simaee v Levi*, 22 AD3d 559 [2005]; *Kevin Spence & Sons v Boar's Head Provisions Co.*, 5 AD3d 352 [2004]; *Matter of Entertainment Partners Group v Davis*, 198 AD2d 63 [1993]).

The parties' remaining contentions are without merit. Skelos, J.P., Covello, Leventhal and Belen, JJ., concur. [*See* 2007 NY Slip Op 34019(U).]