■ CHRISTOPHER CARAVELLO et al., Respondents, v ONE MANAGEMENT GROUP, LLC, et al., Defendants, and ELENA R. GELMAN, Appellant. [17 NYS3d 453]—

In an action, inter alia, to recover damages for legal malpractice and fraud, the defendant Elena R. Gelman appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Battaglia, J.), dated July 2, 2013, as

denied those branches of her motion which were pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against her and so much of the seventh cause of action as alleged fraud insofar as asserted against her for failure to state a cause of action or, in the alternative, for summary judgment dismissing those causes of action insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint alleges that the defendants acted in concert, as part of a mortgage foreclosure rescue scheme, to deprive the plaintiffs of the net proceeds of the sale of their home at a closing which took place in February 2008. The defendant Elena R. Gelman was the attorney who represented the plaintiffs at the closing. The plaintiffs asserted causes of action against Gelman alleging, inter alia, legal malpractice and fraud. Gelman moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action, which alleged fraud, insofar as asserted against her, and so much of the seventh cause of action as alleged fraud insofar as asserted against her, or in the alternative, pursuant to CPLR 3212 for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court denied those branches of Gelman's motion.

The Supreme Court properly denied those branches of Gelman's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the sixth cause of action insofar as asserted against her and so much of the seventh cause of action as alleged fraud insofar as asserted against her. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the pleading is afforded a liberal construction and the court must give the plaintiff "the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory" (*High Tides, LLC v DeMichele*, 88 AD3d 954, 956 [2011] [internal quotation marks omitted]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *McDonnell v Bradley*, 109 AD3d 592, 593 [2013]).

To state a cause of action sounding in fraud, a plaintiff must allege that "(1) the defendant made a representation or a material omission of fact which was false and the defendant knew to be false, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury" (*McDonnell v Bradley*, 109 AD3d at 592-593 [internal quotation marks omitted]; *see Eurycleia Partners, LP v Seward*

& *Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1188-1189 [2012]). To plead a cause of action to recover damages for aiding and abetting fraud, the complaint "must allege the existence of [the] underlying fraud, knowledge of the fraud by the aider and abettor, and substantial assistance by the aider and abettor in the achievement of the fraud" (*Winkler v Battery Trading, Inc.*, 89 AD3d 1016, 1017 [2011]). Moreover, pursuant to CPLR 3016 (b), where a cause of action is based upon fraud or aiding and abetting fraud, the "circumstances constituting the wrong" must be "stated in detail."

In this case, the complaint, in both the sixth and seventh causes of action, incorporated all prior allegations made therein. Viewing all of the allegations in the complaint as true and resolving all inferences in favor of the plaintiffs, we find that the Supreme Court properly determined that the complaint adequately stated causes of action against Gelman sounding in fraud and aiding and abetting fraud (*see Goldson v Walker*, 65 AD3d 1084, 1084-1085 [2009]). The allegations adequately informed Gelman of the "complained-of incidents" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d at 559; *see Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d at 1189).

Furthermore, the Supreme Court properly denied that branch of Gelman's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Although Gelman established her prima facie entitlement to judgment as a matter of law dismissing the sixth cause of action insofar as asserted against her and so much of the seventh cause of action as alleged fraud insofar as asserted against her, the Supreme Court correctly determined that, in opposition, the plaintiffs raised triable issues of fact as to whether Gelman was a participant in the alleged fraudulent scheme (*see Heaven v McGowan*, 40 AD3d 583, 584 [2007]).

Gelman's remaining contentions are without merit. Rivera, J.P., Balkin, Miller and LaSalle, JJ., concur.