■ SANFORD N. BERLAND et al., Appellants, v CHARLES CHI et al., Defendants. [38 NYS3d 57]—

In an action, inter alia, to recover damages for prima facie tort, the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated February 9, 2015, as granted that branch of the motion of the defendants Charles Chi, Myra Reyes-Chi, Chi's Martial Arts, Inc., and Chi's Martial Arts of Lindenhurst which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

According to the plaintiffs Sanford N. Berland and Susan A. Berland (hereinafter together the Berlands), in 1997, they

enrolled their son, the plaintiff Alexander Berland, in a karate school, then known as "VIP Karate," in Deer Park. Alexander continued and advanced as a student and received a first-degree black belt in 2006. On October 6, 2006, the Berlands entered into a 24-month "Student Enrollment Agreement" with the karate school, pursuant to which Alexander was to receive unlimited lessons and training toward securing a second-degree black belt. In or about March 2007, the school was acquired by the defendants Charles Chi and Myra Reyes-Chi and renamed, and the agreement was assigned to the new owners (hereinafter collectively with the defendants Chi's Martial Arts, Inc., and Chi's Martial Arts of Lindenhurst, the Chi defendants). The Berlands contend that "in order to induce them" to continue Alexander's enrollment at the karate school, the Chi defendants promised that training and instruction would continue under their ownership, and that, "upon achieving the requisite skills and qualifications," Alexander would receive a second-degree black belt by the date of the conclusion of the contract. Alexander continued with lessons and, on September 27, 2008, participated in testing to determine his qualifications for the second-degree black belt award. Thereafter, Chi informed the Berlands that because Alexander did not pass the physical or written components of the test and had a poor class attendance record, he could not award Alexander the second-degree black belt.

The plaintiffs commenced this action to recover damages, premised on causes of action sounding in prima facie tort, fraudulent misrepresentation, violations of article 30 of the General Business Law, and unjust enrichment, and sought to recover treble and punitive damages as well. Following the completion of discovery, the Chi defendants moved, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as asserted against them. The Supreme Court granted that branch of the motion.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading must be afforded a liberal construction (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87 [1994]). The facts as alleged in the complaint are accepted as true, and the plaintiff is accorded the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88). A court may consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7) (see CPLR 3211 [c]; Wells Fargo Bank N.A. v E & G Dev. Corp., 138 AD3d 986 [2016]). However, when evidentiary material is considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7),

and the motion has not been converted to one for summary judgment, the criterion is whether the plaintiff has a cause of action, not whether he or she has stated one (*see Leon v Martinez*, 84 NY2d at 87-88; *SI Hylan Care, LLC v 2454-2464 Hylan Blvd., LLC*, 138 AD3d 821 [2016]; *Thaw v North Shore Univ. Hosp.*, 129 AD3d 937, 938 [2015]).

"[P]rima facie tort was designed to provide a remedy for intentional and malicious actions that cause harm and for which no traditional tort provides a remedy, and not to provide a 'catch all' alternative for every cause of action which cannot stand on its legs" (*Lancaster v Town of E. Hampton*, 54 AD3d 906, 908 [2008]; *see Bassim v Hassett*, 184 AD2d 908, 910 [1992]). The elements of a cause of action alleging prima facie tort are: (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or a series of acts which would otherwise be lawful (*see Freihofer v Hearst Corp.*, 65 NY2d 135 [1985]; *Diorio v Ossining Union Free School Dist.*, 96 AD3d 710, 712 [2012]). To make out a claim sounding in prima facie tort, the complaining party must have suffered specific and measurable loss, which requires an allegation of "special damages, i.e., 'the loss of something having economic or pecuniary value' " (*Rufeh v Schwartz*, 50 AD3d 1002, 1004 [2008], quoting *Liberman v Gelstein*, 80 NY2d 429, 434-435 [1992]; *see Diorio v Ossining Union Free School Dist.*, 96 AD3d at 712). Here, the Supreme Court properly determined that the allegations in the complaint, which generally amounted to a claim of emotional distress, were insufficient to allege special damages (*see Freihofer v Hearst Corp.*, 65 NY2d at 138-139; *Stanton v Carrara*, 28 AD3d 642 [2006]; *DiSanto v Forsyth*, 258 AD2d 497, 498 [1999]). Thus, the Supreme Court properly directed the dismissal of the first cause of action, which alleged prima facie tort.

The Supreme Court properly directed the dismissal of the second cause of action, which alleged fraudulent misrepresentation. To state a cause of action alleging "fraudulent misrepresentation, a plaintiff must allege 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury' " (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 178 [2011], quoting *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421 [1996]). Here, as the court found, the statements that the plaintiffs contend were falsely made in 2007 to induce

Alexander's continued enrollment in the Chi defendants' karate school are not sufficient to support a claim of fraudulent misrepresentation.

The Supreme Court did not err in directing the dismissal of the third and fourth causes of action, which alleged a violation of General Business Law § 626 and sought to recover treble damages pursuant to General Business Law § 628, respectively. The complaint does not plead facts sufficient to allege any "deceptive act" or practice prohibited under article 30 of the General Business Law on the part of the Chi defendants (*see* General Business Law § 626).

Finally, the Supreme Court properly directed the dismissal of the cause of action sounding in unjust enrichment. The "enrichment" that the defendants allegedly received was in the form of payments for tuition under the agreement. The existence of a valid and enforceable contract precluded the plaintiffs' claim alleging unjust enrichment (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]; *Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755, 759 [2009]).

Accordingly, the Supreme Court properly granted that branch of the Chi defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. Leventhal, J.P., Dickerson, Sgroi and Cohen, JJ., concur.