■ AHMED ELKOULILY, M.D., P.C., Appellant, v NEW YORK STATE CATHOLIC HEALTHPLAN, INC., Doing Business as FIDELIS CARE NEW YORK, et al., Respondents. [59 NYS3d 792]—

In an action, inter alia, to recover damages for breach of contract and violation of the Public Health Law, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), entered February 16, 2016, which granted the defendants' motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

The facts of this case are set forth in this Court's decision and order on a companion appeal (*see Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc.*, 153 AD3d 768 [2017] [decided herewith]). As noted on the companion appeal, the plaintiff Ahmed Elkoulily, M.D., P.C. (hereinafter the PC), entered into a standard health service agreement with New York State Catholic Healthplan, Inc., doing business as Fidelis Care New York (hereinafter Fidelis), whereby the PC would provide medical services to Fidelis's enrollees and would be paid for its services. Pursuant to the agreement, Fidelis was

empowered to terminate the agreement upon the determination "in its sole discretion" that the PC's continued provision of services would create an imminent harm to enrollees. By order entered July 23, 2014, the Supreme Court, among other things, granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of contract, violation of Public Health Law § 230 (11) (b), and intentional infliction of economic harm insofar as asserted against them, and denied that branch of the defendants' motion which was to dismiss the cause of action alleging a violation of Public Health Law § 4406-d. Thereafter, the PC amended the complaint and asserted a single cause of action alleging a violation of Public Health Law § 4406-d. The defendants moved for summary judgment dismissing the amended complaint, and the court granted the motion. We affirm.

A plaintiff has an implied right of action under Public Health Law § 4406-d, which gives health care providers a measure of due process, in the form of peer review, against the arbitrary termination of health care plan contracts, but does not provide for any means of enforcement (see *Foong v Empire Blue Cross & Blue Shield*, 305 AD2d 330 [2003]). While Public Health Law § 4406-d provides that, prior to terminating a health care contract, a health care plan must provide a written explanation of the reasons for the proposed contract termination and an opportunity for a review or hearing (see Public Health Law § 4406-d [2] [a]), the due process protections of Public Health Law § 4406-d (2) do not apply in cases involving imminent harm to patient care.

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging violation of Public Health Law § 4406-d. Fidelis had the right to terminate the agreement upon its determination that the PC's continued provision of medical services would create an imminent harm to its members. The defendants submitted the affidavit of the defendant Sanjiv Shah, which stated that Fidelis's determination to terminate the contract upon the finding that the PC's provision of medical services to Fidelis's members created imminent harm was not arbitrary (see *Foong v Empire Blue Cross & Blue Shield*, 305 AD2d 330 [2003]). Dr. Shah's review of the patient records received from the PC was extensive and amply supported his determination that Dr. Elkoulily's care and treatment on behalf of the PC created imminent harm to Fidelis's members.

In opposition, the PC failed to raise a triable issue of fact.

While the PC submitted an affidavit by Dr. Elkoulily disputing some of Dr. Shah's findings, it failed to raise an issue of fact as to whether Fidelis's determination to terminate the contract on the ground that Dr. Elkoulily's care and treatment on behalf of the PC created imminent harm to Fidelis's members was arbitrary.

The PC's remaining contentions are without merit. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.