■ AHMED ELKOULILY, M.D., P.C., Appellant-Respondent, et al., Plaintiff, v NEW YORK STATE CATHOLIC HEALTHPLAN, INC., Doing Business as FIDELIS CARE NEW YORK, et al., Respondents-Appellants, et al., Defendant. [61 NYS3d 83]—

In an action, inter alia, to recover damages for breach of contract and violation of the Public Health Law, the plaintiff Ahmed Elkoulily, M.D., P.C., appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Nassau County (Driscoll, J.), entered July 23, 2014, as granted those branches of the motion of the defendants New York State Catholic Healthplan, Inc., Sanjiv Shah, and Patrick Frawley which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of contract, violation of Public Health Law § 230 (11) (b), and intentional infliction of economic harm insofar as asserted against them, and those defendants cross-appeal from so much of the same order as denied that branch of their motion which was to dismiss the cause of action alleging a violation of Public Health Law § 4406-d insofar as asserted by the plaintiff Ahmed Elkoulily, M.D., P.C.

Ordered that the appeal from so much of the order as granted those branches of the motion of the defendants New York State Catholic Healthplan, Inc., doing business as Fidelis Care New York, Sanjiv Shah, and Patrick Frawley, which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of contract, violation of Public Health Law § 230 (11) (b), and intentional infliction of economic harm insofar as asserted against them by the plaintiff Ahmed Elkoulily, individually, is dismissed, without costs or disbursements, on the ground that the appellant is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants New York State Catholic Healthplan, Inc., doing business as Fidelis Care New York, Sanjiv Shah, and Patrick

Frawley, which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging breach of contract insofar as asserted against them by the plaintiff Ahmed Elkoulily, M.D., P.C., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

On April 13, 2009, the plaintiff Ahmed Elkoulily, M.D., P.C. (hereinafter the PC), entered into a standard health service agreement with New York State Catholic Healthplan, Inc., doing business as Fidelis Care New York (hereinafter Fidelis), whereby the PC would provide medical services to Fidelis's enrollees and be paid for its services. Pursuant to the agreement, Fidelis was empowered to terminate the agreement upon the determination "in its sole discretion" that the PC's continued provision of services would create an imminent harm to enrollees.

After an investigation of a random sample of patient records, Fidelis informed the PC by letter dated May 24, 2012, that it would be terminating the agreement based upon its determination that the PC violated the agreement by treating members outside the "credentialed expertise" of Dr. Elkoulily, and used staff without credentials, and, therefore, the PC's continued provision of services would create an imminent harm to enrollees. The PC and Dr. Elkoulily, individually, commenced this action challenging that determination, asserting causes of action to recover damages for breach of contract and violation of Public Health Law § 4406-d against Fidelis, and violation of Public Health Law § 230 (11) (b) and intentional infliction of economic harm against Fidelis and certain individual defendants who acted on behalf of Fidelis. The plaintiffs alleged that the defendants acted in bad faith, inter alia, by terminating the agreement without justification and by fabricating information to try to justify the termination because the plaintiffs "were determined to be 'outliers' with regard to the number and cost of those medical services provided by Plaintiffs to Defendants' members."

The defendants Fidelis, Sanjiv Shah, and Patrick Frawley (hereinafter collectively the defendants) moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them for failure to state a cause of action. The Supreme Court granted that branch of the motion which was to dismiss the complaint in its entirety insofar as it was asserted by Dr. Elkoulily individually, and granted those branches of the motion which were to dismiss the causes of action alleging breach of contract, violation of Public Health Law § 230 (11) (b), and

intentional infliction of economic harm insofar as asserted by the PC. The court denied that branch of the defendants' motion which was to dismiss the cause of action alleging violation of Public Health Law § 4406-d insofar as asserted by the PC.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), a pleading is afforded a liberal construction, and the court must give the plaintiff the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory (see *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Caravello v One Mgt. Group, LLC*, 131 AD3d 1191 [2015]). The first cause of action alleges breach of contract, predicated in part on a breach of the implied covenant of good faith and fair dealing. Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied covenant of good faith and fair dealing when it exercises a contractual right as part of a scheme to deprive the other party of the benefit of its bargain (see *Elmhurst Dairy, Inc. v Bartlett Dairy, Inc.*, 97 AD3d 781 [2012]). Technically complying with the terms of a contract while depriving the plaintiff of the benefit of the bargain may constitute a breach of the covenant of good faith and fair dealing (see *Travelsavers Enters., Inc. v Analog Analytics, Inc.*, 149 AD3d 1003 [2017]). Further, "[w]here the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion" (*Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995], citing *Tedeschi v Wagner Coll.*, 49 NY2d 652, 659 [1980]).

Although pursuant to its terms, Fidelis could terminate the agreement if, in its sole discretion, Fidelis determined that the PC's continued provision of provider services would create imminent harm to Fidelis's enrollees, Fidelis had an implied obligation to exercise good faith in reaching its determination (see *1-10 Indus. Assoc. v Trim Corp. of Am.*, 297 AD2d 630 [2002]). " '[E]ven an explicitly discretionary contract right may not be exercised in bad faith so as to frustrate the other party's right to the benefit under the agreement' " (*Legend Autorama, Ltd. v Audi of Am., Inc.*, 100 AD3d 714, 716 [2012], quoting *Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 302 [2003]). The allegations in the complaint that the defendants acted in bad faith by terminating the agreement without justification and by fabricating information to try to justify the termination because the plaintiffs "were determined to be 'outliers' with regard to the number and cost of those medical services provided by Plaintiffs to Defendants' members" were

sufficient to state a cause of action to recover damages for breach of contract based upon the alleged breach of the implied covenant of good faith and fair dealing. Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the breach of contract cause of action insofar as asserted against them by the PC.

The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging violation of Public Health Law § 4406-d insofar as asserted against them by the PC. Public Health Law § 4406-d (2) (a) provides, in pertinent part: "A health care plan shall not terminate a contract with a health care professional unless the health care plan provides to the health care professional a written explanation of the reasons for the proposed contract termination and an opportunity for a review or hearing as hereinafter provided. This section shall not apply in cases involving imminent harm to patient care, a determination of fraud, or a final disciplinary action by a state licensing board or other governmental agency that impairs the health care professional's ability to practice."

In determining whether a statute creates a private right of action, one must consider (1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted, (2) whether recognition of a private right of action would promote the legislative purpose, and (3) whether creation of such a right would be consistent with the legislative scheme (*see Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32, 38 [1999]; *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]). Here, the PC stated a cause of action to recover damages for violation of Public Health Law § 4406-d. The PC is a health care professional that contracted with a health care plan and, therefore, falls within the purview of Public Health Law § 4406-d (2) (a). In addition, the PC is a member of the class for whose particular benefit the statute was enacted. The statute provides for enhanced health care provider protections (*see Lewis v Individual Practice Assn. of W. N.Y.*, 187 Misc 2d 812 [Sup Ct, Erie County 2001]). Moreover, a private right of action would be consistent with the legislative scheme, since the statute offers no other practical means of enforcement such that a private right of action is necessary to trigger the protections intended to be afforded to health care providers (*see Foong v Empire Blue Cross & Blue Shield*, 305 AD2d 330 [2003]).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action al-

leging a violation of Public Health Law § 230 (11) (b) insofar as asserted against them by the PC. That section provides: "Any person, organization, institution, insurance company, osteopathic or medical society who reports or provides information to the board in good faith, and without malice shall not be subject to an action for civil damages or other relief as the result of such report" (Public Health Law § 230 [11] [b]). By its terms, this section does not create a private right of action. Rather, it creates a defense to an action for civil damages or other relief. The stated purpose of the provision is to protect individuals who have made complaints to the specified institutions (*see Lesesne v Brimecome*, 918 F Supp 2d 221, 229 [2013]; *see also Matter of McBarnette v Sobol*, 83 NY2d 333, 340 [1994]; *but see Foong v Empire Blue Cross & Blue Shield*, 305 AD2d 330 [2003]).

Further, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging intentional infliction of economic harm insofar as asserted against them by the PC. The tort of intentional infliction of economic harm is not recognized in New York (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 93 n 1 [1993]), and is generally treated as a cause of action sounding in prima facie tort (*see Simaee v Levi*, 22 AD3d 559 [2005]; *Ginsberg v Ginsberg*, 84 AD2d 573 [1981]; *see generally Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397 [1975]). The elements of prima facie tort are (1) intentional infliction of harm, (2) resulting in special damages, (3) without any excuse or justification, (4) by an act or acts otherwise lawful (*see Berland v Chi*, 142 AD3d 1121, 1122 [2016]). To adequately plead prima facie tort, the complaint must plead the defendant's malicious intent or disinterested malevolence as the sole motive for the challenged conduct (*see Simaee v Levi*, 22 AD3d 559 [2005]). The plaintiff failed to plead sufficient facts to state a cause of action for prima facie tort because its conclusory allegation that the defendants' conduct was motivated solely by malice and disinterested malevolence is contrary to its allegations concerning the defendants' economic motives for terminating the contract (*see Princes Point, LLC v AKRF Eng'g, P.C.*, 94 AD3d 588, 589 [2012]; *Meridian Capital Partners, Inc. v Fifth Ave. 58/59 Acquisition Co. LP*, 60 AD3d 434 [2009]). The complaint also failed to set forth special damages, which is a necessary element of prima facie tort. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.