Gadman v Strumpf (2021 NY Slip Op 50480(U))

[*1]

Gadman v Strumpf

2021 NY Slip Op 50480(U) [71 Misc 3d 139(A)]

Decided on May 20, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 20, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, HELEN
VOUTSINAS, JJ

2020-620 S C

Broney Gadman, Respondent,
against
Linda Strumpf, Appellant. 

Linda Strumpf, for appellant.
Reynold A. Mauro, for respondent.

Appeal from an order of the District Court of Suffolk County, Sixth District (James P.
Flanagan, J.), dated March 11, 2020. The order, insofar as appealed from as limited by the brief,
denied the branch of defendant's motion seeking to dismiss the amended complaint.

ORDERED that the order, insofar as appealed from, is reversed, without costs, and the
branch of defendant's motion seeking to dismiss the amended complaint is granted.
Plaintiff commenced this action seeking to recover $7,500 in attorney's fees he had incurred
as a result of defendant's alleged misconduct in serving plaintiff's bank with an information
subpoena, which erroneously identified plaintiff as a debtor of a judgment, and in initiating an
enforcement proceeding against plaintiff to collect on that judgment. Plaintiff also sought to
recover punitive damages and impose sanctions against defendant. Plaintiff filed an amended
complaint after defendant's motion to dismiss the original complaint was denied. Defendant
thereafter moved to dismiss the amended complaint for failure to state a cause of action, pursuant
to CPLR 3211 (a) (7), and for sanctions against plaintiff pursuant to 22 NYCRR 130-1.1. By
order dated March 11, 2020, the District Court denied defendant's motion in its entirety. As
limited by her brief, defendant appeals from so much of the order as denied dismissal of the
amended complaint, contending that the court should have granted that branch of her motion.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause
of action, the pleading must be liberally construed, and all of the facts alleged therein must be
accepted as true and accorded the benefit of every possible favorable inference to determine
whether they fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83,
87-88 [1994]; Tooma v Grossbarth,
121 AD3d 1093, 1095 [2014]; Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]).
If the court considers evidentiary material submitted by a [*2]defendant in support of such a motion, the criterion then becomes
"whether the proponent of the pleading has a cause of action, not whether he [or she] has stated
one" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Neuman v Echevarria, 171 AD3d
767, 768 [2019]; Berland v Chi, 142 AD3d 1121, 1122-1123 [2016]). 
The District Court should have granted the branch of defendant's motion seeking to dismiss
the cause of action sounding in intentional infliction of emotion distress. "The elements of
intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent
to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3)
causation; and (4) severe emotional distress" (Tsatskin v Kordonsky, 189 AD3d 1296, 1298 [2020] [internal
quotation marks omitted]; see Howell v New York Post Co., 81 NY2d 115, 121 [1993]).
"The subject conduct must be so outrageous in character, and so extreme in degree, as to go
beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in
a civilized community" (Klein v
Metropolitan Child Servs., Inc., 100 AD3d 708, 710 [2012] [internal quotation marks
omitted]; see Freihofer v Hearst Corp., 65 NY2d 135, 143 [1985]). "Furthermore,
conclusory assertions are insufficient to set forth a cause of action sounding in the intentional
infliction of emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d at
711; see Welsh v Haven Manor Health
Care Ctr., 15 AD3d 572 [2005]). Here, the amended complaint contains merely a
conclusory allegation that defendant's conduct had caused plaintiff "great distress, emotional pain
and suffering." Moreover, the challenged conduct was not "so outrageous in character, and so
extreme in degree, as to go beyond all possible bounds of decency" (Howell v New York Post
Co., 81 NY2d at 122 [internal quotation marks omitted]; see Benjamin v Assad, 186 AD3d 549, 550 [2020]; Klein v
Metropolitan Child Servs., Inc., 100 AD3d at 711). 
The court should have granted the branch of defendant's motion seeking to dismiss the cause
of action sounding in prima facie tort. The elements of a cause of action alleging prima facie tort
are: "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any
excuse or justification, (4) by an act or series of acts which would otherwise be lawful"
(Freihofer v Hearst Corp., 65 NY2d at 142-143; see Curiano v Suozzi, 63 NY2d
113, 117 [1984]). To adequately plead a cause of action for prima facie tort, the complaint must
allege that the plaintiff has "suffered specific and measurable loss, which requires an allegation
of special damages, i.e., the loss of something having economic or pecuniary value" (Berland
v Chi, 142 AD3d at 1123 [internal quotation marks omitted]) and also "must plead the
defendant's malicious intent or disinterested malevolence as the sole motive for the challenged
conduct" (Ahmed Elkoulily, M.D., P.C.
v New York State Catholic Healthplan, Inc., 153 AD3d 768, 772 [2017]; see Goldman v Citicore I, LLC, 149
AD3d 1042, 1045 [2017]; Diorio v
Ossining Union Free School Dist., 96 AD3d 710, 712 [2012]). Here, the amended
complaint failed to set forth special damages (see Curiano v Suozzi, 63 NY2d at 117; Nachbar v Cornwall Yacht Club, 160
AD3d 972, 974 [2018]; Ahmed Elkoulily, M.D., P.C. v New York State Catholic
Healthplan, Inc., 153 AD3d at 772) and failed to allege that defendant's conduct was
motivated solely by malice or disinterested malevolence (see Curiano v Suozzi, 63 NY2d
at 117; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153
AD3d at 772).
To the extent that the amended complaint sought to recover the attorney's fees plaintiff [*3]allegedly incurred in counteracting defendant's collection efforts
against him, the general rule is that there is no cause of action for an attorney's fee absent a
statutory or contractual basis for such an award (see Chapel v Mitchell, 84 NY2d 345
[1994]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; Stroh v East Rockaway Pub. Schs., 55
Misc 3d 128[A], 2017 NY Slip Op 50365[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2017]). Plaintiff failed to allege any such statutory or contractual basis for him to recover
legal fees and failed to show that any exceptions to that general rule was applicable.
Finally, plaintiff's claim for punitive damages should also have been dismissed, since no
separate cause of action lies for punitive damages (see Rocanova v Equitable Life Assur.
Socy. of U.S., 83 NY2d 603, 616-617 [1994]; Ehrlich v Incorporated Vil. of Sea Cliff, 95 AD3d 1068, 1070
[2012]), and no basis for an award of punitive damages was pleaded.
Accordingly, the order, insofar as appealed from, is reversed, and the branch of defendant's
motion seeking to dismiss the amended complaint is granted.
EMERSON, J.P., GARGUILO and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 20, 2021