JLO Dev. Corp. v Amalgamated Bank (2024 NY Slip Op 05577)

JLO Dev. Corp. v Amalgamated Bank

2024 NY Slip Op 05577

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-07233
 (Index No. 615682/21)

[*1]JLO Development Corp., appellant,
v
Amalgamated Bank, etc., respondent.

Creedon & Gill, P.C., Northport, NY (Peter J. Creedon of counsel), for appellant.
Sherman Atlas Sylvester & Stamelman LLP, New York, NY (Tyler J. Kandel and Lauren C. Watson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and to recover in quantum meruit, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered July 20, 2022. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it in its capacity as trustee of Longview Ultra Construction Loan Investment Fund.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it in its capacity as trustee of Longview Ultra Construction Loan Investment Fund is denied.
In 2014, the plaintiff and the defendant, as trustee of Longview Ultra Construction Loan Investment Fund (hereinafter the fund), entered into a written consulting agreement pursuant to which the plaintiff would be paid monthly to manage certain real properties. The consulting agreement provided that it could be terminated by either party upon 90 days' prior written notice. It is undisputed that in 2017, the parties executed a written amendment to the consulting agreement pursuant to which the plaintiff was to "manage the process of obtaining all government approvals . . . to clean-up and subdivide" certain real property owned by the defendant in Brooklyn. The amendment also provided that, with regard to this project, the plaintiff "would not receive any monthly asset management fees and [the] entire compensation would be 'success based'" and that, upon the successful subdivision of the subject property, the plaintiff would be entitled to 15% of the gross profit. Upon the defendant's subsequent sale of the property as a single parcel, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, unjust enrichment, and promissory estoppel and to recover in quantum meruit. The defendant moved, among other things, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it in its capacity as trustee of the fund. By order entered July 20, 2022, the Supreme Court, inter alia, granted that branch of the motion. The plaintiff appeals.
"Under CPLR 3211(a)(1), a dismissal is warranted only if 'the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874, quoting Goshen v Mutual Life Ins. Co. of N.Y., [*2]98 NY2d 314, 326; see Leon v Martinez, 84 NY2d 83, 88). The defendant bears the burden of demonstrating that the proffered documentary evidence conclusively refutes the plaintiff's factual allegations (see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106). On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), a pleading is afforded a liberal construction, and the court must give the plaintiff the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d at 87-88; Caravello v One Mgt. Group, LLC, 131 AD3d 1191). In addition, where, as here, evidentiary material is considered in connection with a motion to dismiss for failure to state a cause of action, dismissal should not eventuate "unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275).
Here, the first cause of action alleged breach of contract. Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied covenant of good faith and fair dealing when it exercises a contractual right as part of a scheme to deprive the other party of the benefit of its bargain (see Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770; Elmhurst Dairy, Inc. v Bartlett Dairy, Inc., 97 AD3d 781). "While the duties of good faith and fair dealing do not imply obligations inconsistent with other terms of the contractual relationship, they do encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 153 [citations and internal quotation marks omitted]). "Technically complying with the terms of a contract while depriving the plaintiff of the benefit of the bargain may constitute a breach of the covenant of good faith and fair dealing" (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 770; see Travelsavers Enters., Inc. v Analog Analytics, Inc., 149 AD3d 1003).
In support of its motion, the defendant submitted the parties' consulting agreement and the pertinent written amendment. Although pursuant to the terms of the consulting agreement, the defendant could terminate the consulting agreement upon 90 days' prior written notice, and pursuant to the terms of the amendment, payment was not due until the subject property was successfully subdivided and sold, the defendant still had an implied obligation to exercise good faith (see Dalton v Educational Testing Serv., 87 NY2d 384, 389; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 770-771; 1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d 630). "'[E]ven an explicitly discretionary contract right may not be exercised in bad faith so as to frustrate the other party's right to the benefit under the agreement'" (Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 770, quoting Legend Autorama, Ltd. v Audi of Am., Inc., 100 AD3d 714, 716; see Atlas El. Corp. v United El. Group, Inc., 77 AD3d 859, 861; 1-10 Indus. Assoc. v Trim Corp. of Am., 297 AD2d at 631-632). The defendant failed to utterly refute the allegations in the complaint that the defendant terminated the consulting agreement without justification or good cause at a time when the completion of the subdivision of the property was only weeks away, despite the plaintiff's alleged expenditure of hundreds of hours managing the process over the course of two years, and that the defendant acted in derogation of the consulting agreement, including by selling the property for less than its fair market value. Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the breach of contract cause of action insofar as asserted against in its capacity as trustee of the fund.
Further, contrary to the defendant's contention, the causes of action alleging promissory estoppel and unjust enrichment and to recover in quantum meruit were not duplicative of the breach of contract cause of action. Where "there is a bona fide dispute as to the existence of a contract or where the contract does not cover the dispute in issue, a plaintiff may proceed upon a theory of quantum meruit as well as contract, and will not be required to elect his or her remedies" (Sforza v Health Ins. Plan of Greater N.Y., Inc., 210 AD2d 214, 215; see Joseph Sternberg, Inc. v Walber 36th St. Assocs., 187 AD2d 225). Here, the consulting agreement does not explicitly cover the dispute at issue, namely, whether the plaintiff was entitled to payment where most of the work was completed, but the defendant sold the property as one parcel, preventing the plaintiff from receiving its "success based" compensation. Accordingly, the Supreme Court should have denied [*3]that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the causes of action alleging promissory estoppel and unjust enrichment and to recover in quantum meruit insofar as asserted against it in its capacity as trustee of the fund.
CHAMBERS, J.P., MALTESE, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court